**STATE v. SCOTT.**

Common Pleas Court, Erie County.

No. 27565.   Decided February 18, 1952.

John W. Lehrer, City Solicitor, Sandusky, for the State.
Lett & Lett, Ashland, for defendant.

**OPINION**

By McCRYSTAL, J.

This case is before the Court on an appeal of questions of law from the Municipal Court of the City of Sandusky. The record discloses that on or about the 16th day of July, 1950, the defendant appellant was arrested in Berlin Township, Erie County, Ohio, on the charge of operating a motor vehicle

while under the influence of alcohol, in violation of §6296-30(c) GC. On the 19th of July, 1950, the defendant was brought to trial in the Municipal Court of Sandusky, and at that time entered an objection to the jurisdiction of the Court on the ground that the arrest and violation occurred in Berlin Township ouside of the territorial limits of the Municipal Court of Sandusky. The objection was overruled by the Judge of the Municipal Court; the case proceeded to trial, and the defendant appellant was found guilty and fined $300 and costs and his driver's license was suspended.

The sole question argued in briefs and orally by counsel was whether or not the Municipal Court of Sandusky had jurisdiction to try the defendant for a misdemeanor which occurred in Berlin Township of Erie County, Ohio. The briefs of counsel would be very helpful if the misdemeanor would not have been a violation of the section of the Motor Vehicle Act of Ohio. The Court feels that since the misdemeanor in question was a violation of the Motor Vehicle Act, §6296-16 GC, it clearly grants the Municipal Court of Sandusky jurisdiction over this case.

The following language appears in said section—

"For the purpose of enforcing the provisions of this act, any court of record now having criminal jurisdiction shall have county-wide jurisdiction within the county in which it is located to hear and finally determine cases arising under the provisions of this act."

The Municipal Court of Sandusky, being a Court of record, it would, therefore have County wide jurisdiction for violations of the Motor Vehicle Act of which §6296-30(c) GC is a part thereof.

The judgment of the Municipal Court must, therefore, be affirmed and the cause remanded to said Court for further proceedings according to law, with the costs taxed to the defendant.

Counsel for the plaintiff will prepare an entry and submit the same to counsel for defendant appellant, saving exceptions and then submit the same to the Court for approval.